IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| WILLIE CLINTON and BOBBIE JEAN<br>CLINTON as Co-Personal Representatives<br>of the ESTATE of RONALD CLINTON,<br>Deceased, and on behalf of all other Wrongful<br>Death Beneficiaries | | PLAINTIFFS |
| v. | CASE NO. 2:20-CV-106 BSM | |
| CITY OF WEST MEMPHIS, ARKANSAS;<br>DONALD OAKES, in his official capacity as Chief<br>of Police of the West Memphis Police Department;<br>CAPTAIN JAMES MATTHEW PRESLEY, II,<br>individually and in his official capacity as a West<br>Memphis Police Officer; OFFICER JAMES MATTHEW<br>PRESLEY, III, Individually and in his official capacity<br>as a West Memphis Police Officer; OFFICER MARTIN<br>GILL, individually and in his official capacity as a West<br>Memphis Police Officer, and JOHN DOES 1-10 | | DEFENDANTS |

**ANSWER**

COME now separate defendants, the City of West Memphis, Arkansas; Donald Oakes, in his official capacity as Chief of Police of the West Memphis Police Department; Captain James Matthew Presley, II, in his individual and official capacity; Officer James Matthew Presley, III, in his individual and official capacity; and Officer Martin Gill, in his individual and official capacity; hereinafter referred to as ("Defendants"), by and through their attorney, Amanda LaFever, and for their Answer, state:

Defendants recognize that Plaintiffs brought this action as Co-Personal Representatives of the Estate of Ronald Clinton, deceased, and on behalf of all other beneficiaries, against defendants as delineated, pursuant to 42 U.S.C. § 1983, for alleged violations of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, stemming from the shooting death of Ronald Clinton on May 21, 2018. Defendants deny that the death was wrongful, and deny

1

that separate defendant Donald Oakes ("Chief Oakes") or Martin Gill ("Officer Gill") currently have any official capacity for the City of West Memphis.[1]

1. Upon belief, Defendants admit that Plaintiff Bobbie Jean Coleman ("Ms. Coleman") is bringing this action as a Co-Personal Representative of the Estate of Ronald Clinton, Deceased, who was an adult person residing in the State of Tennessee at the time of his death. Upon belief, Defendants admit that Ms. Clinton resided in Memphis, Shelby County, Tennessee at the time of the death of Ronald Clinton. Defendants admit that Ronald Clinton died on May 21, 2018. Defendants deny that Ronald Clinton was wrongfully or unconstitutional killed by any Defendant during the early evening of May 21, 2018.

2. Upon belief, Defendants admit that Plaintiff Willie Clinton is bringing this action as a Co-Personal Representative of the Estate of Ronald Clinton, Deceased, who was an adult person residing in the State of Tennessee at the time of his death. Upon belief, Defendants admit that Bobbie Jean Clinton resided in Memphis, Shelby County, Tennessee at the time of the death of Ronald Clinton. Defendants admit that Ronald Clinton died on May 21, 2018. Defendants deny that Ronald Clinton was wrongfully or unconstitutional killed by any Defendant during the early evening of May 21, 2018.

3. Paragraph three (3) of Plaintiffs' Complaint does not appear to require a response.

4. Paragraph four (4) of Plaintiffs' Complaint does not appear to require a response.

5. Defendants admit that separate defendant City of West Memphis ("the City") is a municipality, duly incorporated under the laws of the State of Arkansas and as such is a political

---

[1] Separate defendant Donald Oakes was the Chief of Police of the West Memphis Police Department at the time of the shooting death of Ronald Clinton; however, he has since retired from the West Memphis Police Department. Separate defendant Martin Gill was an officer with the West Memphis Police Department at the time of the shooting death of Ronald Clinton; however, he is no longer employed by the City of West Memphis.

subdivision of the State of Arkansas and, among its other functions, operates and maintains a law enforcement agency known as the West Memphis Police Department ("WMPD"). Defendants admits that the City has a duty to operate its Police Department in a lawful manner. Defendants admit that, to the extent a policy or procedure is created, approved, and applicable, it should be such that it preserves the peace of the City of West Memphis, and is not in violation of the rights, privileges, or immunities guaranteed and secured to persons residing in the United States of America by the respective constitutions and laws of the United States of America and the State of Arkansas. Defendants admit that the City is subject to suit pursuant to 42 U.S.C. Section 1983. Defendants deny that the City may be served with this Complaint by serving Michael Stephenson, City Attorney, 205 S Redding Street, West Memphis, AR 72301. Defendants admit that the City may be served with this Complaint by serving Mayor Marco McClendon, City of West Memphis, 205 S Redding Street, West Memphis, AR 72301. Defendants deny any remaining allegations contained in paragraph five (5).

6.     Defendants deny that separate defendant Donald Oakes ("Chief Oakes") is a person residing in West Memphis, Arkansas. Defendants admit that Chief Oakes was the Chief of Police for the WMPD from September 2011 until December 2018. Defendants admit that generally, Chief Oakes was responsible for the day-to-day operations of the WMPD. Defendants deny that Chief Oakes was the final policymaker with respect to law enforcement operations for the City of West Memphis at all times relevant to this action. Defendants admit that generally, Chief Oakes's roles and responsibilities as Chief included the operation of the WPMD so as to protect and serve the City of West Memphis, as well as its citizens, and to do so within the confines of the laws and Constitutions of both the United States of America and the State of Arkansas. Defendants recognize that Plaintiffs are bringing this action against Chief Oakes in his official capacity as

Chief of Police of the WMPD. Defendants deny that Chief Oakes, in his official capacity, may be served with this Complaint by serving Michael Stephenson, City Attorney, 205 S Redding Street, West Memphis, AR 72301. Defendants admit that Chief Oakes, in his official capacity, may be served with this Complaint by serving Mayor Marco McClendon, City of West Memphis, 205 S Redding Street, West Memphis, AR 72301. Defendants deny any remaining allegations contained within paragraph six (6) of Plaintiffs' Complaint.

7.      Defendants deny that separate defendant James Matthew Presley II ("Lt. Presley") resides in West Memphis, Arkansas. Defendants admit that Lt. Presley has been employed as an officer with the WMPD from September 2007 to date, and that when on-duty, he is expected to act under the color of state law and within the course and scope of his employment with the WMPD. Defendants recognize that Plaintiffs are bringing this action against Lt. Presley in both his individual capacity and in his official capacity as an officer for the WMPD, but deny that he has engaged in any wrongdoing as alleged. Defendants admit that Lt. Presley can be personally served at 626 E. Broadway Blvd., West Memphis, AR 72301, or alternatively at his residence located at 203 Whispering Wind Circle, Marion, Arkansas 72364-2382. Defendants deny that Lt. Presley, in any capacity, may be served this Complaint by serving Michael Stephenson, City Attorney, 205 S Redding Street, West Memphis, AR 72301.

8.      Defendants deny that separate defendant James Matthew Presley III ("Officer Presley") resides in West Memphis, Arkansas. Defendants admit that Officer Presley has been employed as an officer with the WMPD from August 2010 to date,[2] and that when on-duty, he is expected to act under the color of state law and within the course and scope of his employment

---

[2] Officer Presley is in the process of medically retiring due to the injuries he sustained when he was run over while on duty; he is, however, currently still employed by the WMPD.

with the WMPD. Defendants recognize that Plaintiffs are bringing this action against Officer Presley in both his individual capacity and in his official capacity as an officer for the WMPD, but deny that he has engaged in any wrongdoing as alleged. Defendants admit that Officer Presley can be personally served at 626 E. Broadway Blvd., West Memphis, AR 72301, or alternatively at his residence. Defendants deny that Officer Presley, in any capacity, may be served this Complaint by serving Michael Stephenson, City Attorney, 205 S Redding Street, West Memphis, AR 72301.

9. Defendants deny that separate defendant Martin Gill ("Officer Gill") resides in West Memphis, Arkansas. Defendants admit that Officer Gill was employed as an officer with the WMPD from March 2013 to July 2019, and that when he was on-duty, he was expected to act under the color of state law and within the course and scope of his employment with the WMPD. Defendants recognize that Plaintiffs are bringing this action against Officer Gill in both his individual capacity and in his official capacity as an officer for the WMPD, but deny that he has engaged in any wrongdoing as alleged. Defendants deny that Officer Gill may be served at 626 E. Broadway Blvd., West Memphis, AR 72301, or alternatively by serving this Complaint on Michael Stephenson, City Attorney, 205 S Redding Street, West Memphis, AR 72301. Defendants admit that Officer Gill may be served at his residence.

10. Defendants are without sufficient information or knowledge to admit or deny the allegations contained within paragraph ten (10) of Plaintiffs' Complaint; therefore, they are denied.

11. Paragraph eleven (11) of Plaintiff's Complaint is jurisdictional in nature, and as such, no response is required; however, should a response be deemed necessary, Defendants deny same due to their full and complete denial of any and all wrongdoing alleged.

12. Defendants admit that, insomuch as the pursuit, attempted apprehension, and ultimately the shooting of Ronald Clinton occurred in West Memphis, Crittenden County,

Arkansas, that venue is proper in the United States District Court for the Eastern District of Arkansas. Defendants deny any allegations of wrongdoing contained within paragraph twelve (12) of Plaintiffs' Complaint.

13.     Defendants admit that on Monday, May 21, 2018, at approximately 5:05 p.m., the WMPD dispatch received a 911 call from an employee at the West Memphis, Arkansas Walmart stating that an individual had stolen merchandise. Defendants admit that part of the description received by dispatch was that of a black male operating a black Nissan Altima with dark-tinted windows.

14.     Defendants admit that no license plate number was provided by the Walmart employee reporting to the WMPD dispatch; however, Defendants deny that no or other "identifying information" was provided by the Walmart employee reporting to the WMPD dispatch.

15.     Defendants admit that the reporting Walmart employee did not report to the WMPD dispatch any allegations, nor suggestions of violence, threat of violence or being armed with a deadly weapon.

16.     Defendants admit that the information relayed to them was that a person had stolen a basket full of cleaning supplies. At the time, Defendants were not aware of the value of the items stolen, thus, there could be no determination at the time as to whether the offense constituted a misdemeanor or a felony; as such, the allegations as stated in paragraph sixteen (16) are denied.

17.     Defendants admit that the alleged shoplifting incident did not occur in the presence of Officer Presley, Lt. Presley, or Officer Gill. Defendants admit that no West Memphis Police officer was present at the shoplifting incident.

18. Defendants admit that there was not a "signed warrant to arrest or pursue Ronald Clinton onto Arkansas highways on May 21, 2018." Defendants affirmatively state that the law does not require an arrest warrant to engage in a pursuit and there is no such thing as a warrant to pursue.

19. Defendants admit that prior to and at the initiation of the pursuit of Ronald Clinton on May 21, 2018, that the only crime alleged against Ronald Clinton, of which the pursuers were aware or made aware by the WMPD dispatch, was a non-violent theft.

20. Defendants admit that a WMPD officer engaged in a pursuit may discontinue their involvement at any time during the pursuit.

21. Defendants admit that at approximately 5:07 p.m., WMPD officers notified dispatch that they had possibly located the suspect vehicle. Defendants deny any remaining allegations contained in paragraph twenty-one (21) of Plaintiffs' Complaint.

22. Defendants admit that a pursuit was initiated of Ronald Clinton at approximately 5:07 p.m. onto a major interstate highway on a Monday evening. Defendants deny any remaining allegations contained in paragraph twenty-two (22) of Plaintiffs' Complaint.

23. Defendants admit that Lt. Presley, as the supervising officer, had the authority to either permit or terminate the pursuit at any point in time. Defendants admit that some factors for Lt. Presley to consider as to whether to permit the pursuit to continue or to terminate the pursuit include the seriousness of the criminal act involved, the danger to the public and innocent bystanders, and the safety of the officers involved. Defendants deny any remaining allegations contained in paragraph twenty-three (23)

24. Defendants admit that the WMPD pursuit policy states that each "officer involved in a pursuit must continually question himself/herself as to whether the seriousness of the crime justifies continuing the pursuit."

25. Paragraph twenty-five (25) of Plaintiffs' Complaint calls for a legal conclusion and does not, therefore, require a response. To the extent a response is required, Defendants deny that Lt. Presley, Officer Presley, or Officer Gill were in violation of the Arkansas' "fresh pursuit" law at the time of engaging in the pursuit of Ronald Clinton.

26. Defendants deny that Lt. Pressley, Officer Presley, or Officer Gill were in violation of the WMPD's Policies and Procedures.

27. Defendants admit that a pursuit of Ronald Clinton was initiated shortly before Ronald Clinton entered the on-ramp for Interstate 40/55 eastbound near the Cracker Barrel located at 1600 N Sixth Street, West Memphis, Arkansas.

28. Defendants admit that Ronald Clinton began to drive recklessly eastbound on Interstate 40 at approximately 5:07 p.m. on a Monday, followed by Defendant Officers at various times. Defendants deny any remaining allegations contained in paragraph twenty-eight (28).

29. Defendants admit that Lt. Presley initially ordered the pursuit to be terminated.

30. Defendants admit that Lt. Presley is Officer Presley's father and superior officer. Defendants deny that Officer Presley disregarded this direct order.

31. Defendants admit that Officer Presley has previously been found to have violated WMPD policies. Defendants deny the remaining allegations in paragraph thirty-one (31) of Plaintiff's Complaint.

32. Defendants deny that "due to Officer Presley ignoring Lieutenant Presley's commands, all other Defendant Officers were forced to continue the pursuit of the alleged shoplifting suspect to support Officer Presley."

33. Defendants deny that Lt. Presley or Officer Presley were driving dangerously. Defendants admit that Lt. Presley and Officer Presley passed other drivers and did so at a high rate of speed. Defendants deny that Officer Gill was driving at all. Defendants admit that Plaintiff was operating his vehicle in a dangerous fashion. Defendants admit that, upon information and belief, any individuals who were operating vehicles in the vicinity of the pursuit for the duration of the pursuit, other than the law enforcement officers and Plaintiff, are "innocent civilians."

34. Defendants admit that at various times during the course of the pursuit that Officer Presley and Lt. Presley reached speeds of over 100 miles per hour, on a Monday on Interstate 40 and Highway 55, around the 5:00 p.m. hour; however, Defendants deny that traffic was such that it could be described as "rush hour." Defendants affirmatively state that traffic was not heavy during the course of the pursuit.

35. Defendants admit that during the pursuit, which occurred around the 5:00 p.m. hour on a Monday, three attempts were made to employ a tactical maneuver in order to stop Ronald Clinton. Defendants deny any remaining allegations contained in paragraph thirty-five (35) of Plaintiffs' Complaint.

36. Defendants admit that after the third tactical maneuver, the vehicle being operated by Ronald Clinton spun out facing westbound in the eastbound lanes and came to a stop for seconds.

37. Defendants admit that Officer Presley exited his vehicle and drew down his service weapon, pointing it at Ronald Clinton.

38. Defendants admit that Ronald Clinton attempted to flee a fourth time after spinning out. Defendants deny any remaining allegations contained in paragraph thirty-eight (38).

39. Defendants deny that Officer Presley "recklessly" fired his service weapon at least five (5) times into oncoming traffic at approximately 5:10 p.m. on Monday, May 21, 2018 during rush hour. Defendants admit that Officer Presley did fire his service weapon five times, at approximately 5:10 p.m. on Monday, May 21, 2018, upon information and belief, striking Ronald Clinton once.

40. Defendants deny the allegations in paragraph forty (40) of Plaintiffs' Complaint.

41. Defendants admit that Ronald Clinton died from a gunshot wound as a result of Officer Presley shooting him.

42. Defendants admit that there were three bullet holes in the front windshield of the car that had been being operated by Ronald Clinton and one bullet hole in the hood of the same car. Defendants deny the remaining allegations contained in paragraph forty-two (42) of Plaintiffs' Complaint.

43. Defendants deny that Ronald Clinton was not a threat to Defendant Officers when he was shot.

44. Upon information and belief, Defendants admit that Ronald Clinton was not in possession of a firearm at the time he was shot.

45. Upon information and believe, Defendants admit that Ronald Clinton was in possession of Tide Detergent Pods, paper towels, and Dove body soap from Walmart.

46. Defendants deny that "Ronald Clinton was pursued and killed by Defendant Officers for shoplifting items with a value less than $100.00."

47. Defendants deny the allegations in paragraph forty-seven (47) of Plaintiffs' Complaint.

48. Defendants deny the allegations in paragraph forty-eight (48) of Plaintiffs' Complaint.

49. Defendants admit that at the time of the pursuit and shooting of Ronald Clinton, Defendant Officers were acting in their official capacity as law enforcement officers for the WMPD and acting under color of state law.

50. Defendants deny the allegations in paragraph fifty (50) of Plaintiffs' Complaint.

51. Defendants admit that Defendant Officers were acting under color of law in their official capacities as members of the WMPD at the time of the pursuit and shooting of Ronald Clinton, recognizing that they can be sued in their individual capacities for such conduct as well.

52. Paragraph fifty-two (52) of the Complaint adopts and incorporates paragraph numbers one through fifty-one (1-51) of the Complaint. Defendants adopt and incorporate their responses to said paragraphs as if set forth word for word. Defendants deny any remaining allegations contained within paragraph fifty-two (52).

53. Defendants deny the allegations contained in paragraph fifty-three (53) of Plaintiffs' Complaint.

54. Defendants deny the allegations contained in paragraph fifty-four (54) of Plaintiffs' Complaint.

55. Defendants deny the allegations contained in paragraph fifty-five (55) of Plaintiffs' Complaint.

56. Defendants deny the allegations contained in paragraph fifty-six (56) of Plaintiffs' Complaint.

57. Defendants deny the allegations contained in paragraph fifty-seven (57) of Plaintiffs' Complaint.

58. Defendants deny the allegations contained in paragraph fifty-eight (58) of Plaintiffs' Complaint.

59. Defendants deny the allegations contained in paragraph fifty-nine (59) of Plaintiffs' Complaint.

60. Defendants deny the allegations contained in paragraph sixty (60) of Plaintiffs' Complaint.

61. Defendants deny the allegations contained in paragraph sixty-one (61) of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in paragraph sixty-two (62) of Plaintiffs' Complaint.

63. Defendants deny the allegations contained in paragraph sixty-three (63) of Plaintiffs' Complaint.

64. Defendants deny the allegations contained in paragraph sixty-four (64) of Plaintiffs' Complaint.

65. Defendants deny the allegations contained in paragraph sixty-five (65) of Plaintiffs' Complaint.

66. Defendants deny the allegations contained in paragraph sixty-six (66) of Plaintiffs' Complaint.

67. Defendants deny the allegations contained in paragraph sixty-seven (67) of Plaintiffs' Complaint.

68. Defendants admit that after the incident, the determination was made by various members of the WMPD, including Chief Oakes, that Defendant Officers had acted appropriately and not in violation of the policies of the WMPD with respect to the pursuit and use of force against Ronald Clinton.

69. Defendants deny the allegations contained in paragraph sixty-nine (69) of Plaintiffs' Complaint.

70. Defendants admit that neither Lt. Presley, Officer Presley, nor Officer Gill were disciplined in connection with either the pursuit or shooting death of Ronald Clinton; however, Defendants deny that any discipline was warranted. Defendants deny the remaining allegations contained in paragraph seventy (70) of Plaintiffs' Complaint.

71. Defendants deny the allegations contained in paragraph seventy-one (71) of Plaintiffs' Complaint.

72. Defendants deny the allegations contained in paragraph seventy-two (72) of Plaintiffs' Complaint.

73. The City admits that Lt. Presley, Officer Presley, and Officer Gill were not determined to have violated any policies or procedures of the WMPD for any conduct engaged in during the pursuit of Ronald Clinton, including his death.

74. Defendants deny the allegations contained in paragraph seventy-four (74) of Plaintiffs' Complaint.

75. Defendants deny the allegations contained in paragraph seventy-five (75) of Plaintiffs' Complaint.

76. Defendants deny the allegations contained in paragraph seventy-six (76) of Plaintiffs' Complaint.

77. Defendants deny the allegations contained in paragraph seventy-seven (77) of Plaintiffs' Complaint.

78. Defendants deny the allegations contained in paragraph seventy-eight (78) of Plaintiffs' Complaint.

79. Defendants deny the allegations contained in paragraph seventy-nine (79) of Plaintiffs' Complaint.

80. Defendants deny the allegations contained in paragraph eighty (80) of Plaintiffs' Complaint.

81. The City admits that it denies such a widespread problem exists within its own force.

82. Defendants deny the allegations contained in paragraph eighty-two (82) of Plaintiffs' Complaint.

83. Defendants deny the allegations contained in paragraph eighty-three (83) of Plaintiffs' Complaint.

84. Defendants deny the allegations contained in paragraph eighty-four (84) of Plaintiffs' Complaint.

85. Defendants deny the allegations contained in paragraph eighty-five (85) of Plaintiffs' Complaint.

86. Defendants admit that the WMPD and Chief Oakes deny any wrongdoing or misconduct was committed by Lt. Presley, Officer Presley, and Officer Gill in connection with the pursuit and shooting death of Ronald Clinton.

87. Defendants deny the allegations contained in paragraph eighty-seven (87) of Plaintiffs' Complaint.

88. Defendants deny the allegations contained in paragraph eighty-eight (88) of Plaintiffs' Complaint.

89. Defendants deny the allegations contained in paragraph eighty-nine (89) of Plaintiffs' Complaint.

90. Defendants deny the allegations contained in paragraph ninety (90) of Plaintiffs' Complaint.

91. The first two sentences of paragraph ninety-one (91) of Plaintiff's Complaint call for a legal conclusion and do not, therefore, require a response. To the extent the Court deems a response is necessary, the allegations are denied. Defendants are without sufficient information or knowledge as to the existence of, or the breadth or depth of the relationship that Ronald Clinton had with either of his parents, Plaintiffs herein; therefore, any allegations regarding such are denied. Defendants specifically deny that they are liable to Plaintiffs as stated in paragraph ninety-one (91) of Plaintiffs' Complaint or that Defendants violated any rights specific to Ronald Clinton or Plaintiffs themselves. Defendants deny any remaining allegations contained in paragraph ninety-one (91) of Plaintiffs' Complaint.

92. Defendants deny the allegations contained in paragraph ninety-two (92) of Plaintiffs' Complaint.

93. Paragraph ninety-three (93) of the Complaint incorporates all previous allegations and paragraph numbers one through ninety-two (1-92) of the Complaint. Defendants incorporate their responses to said allegations and paragraphs as if set forth word for word. Defendants deny any remaining allegations contained within paragraph ninety-three (93).

94. Defendants deny the allegations contained in paragraph ninety-four (94) of Plaintiffs' Complaint.

95. Defendants deny the allegations contained in paragraph ninety-five (95) of Plaintiffs' Complaint.

96. Defendants deny the allegations contained in paragraph ninety-six (96) of Plaintiffs' Complaint.

97. Defendants recognize that Plaintiffs have asserted and preserved their amendment rights as stated in paragraph ninety-seven (97) of Plaintiffs' Complaint.

98. Defendants deny the allegations contained in paragraph ninety-eight (98) of Plaintiffs' Complaint, including all separately delineated sub-paragraphs.

99. Paragraph ninety-nine (99) of the Complaint adopts and incorporates the allegations contained within paragraph numbers one through ninety-eight (1-98) of the Complaint. Defendants adopt and incorporate their responses to said allegations and paragraphs as if set forth word for word. Defendants deny any remaining allegations contained within paragraph ninety-nine (99).

100. Defendants deny the allegations contained in paragraph one hundred (100) of Plaintiffs' Complaint.

101. The allegations contained in the Plaintiffs' Prayer for Relief, including all separately enumerated paragraphs are denied. Defendants specifically deny that Plaintiffs are entitled to any of the relief requested therein.

102. Defendants deny each and every allegation not specifically admitted herein.

103. Defendants reserve the right to plead further upon additional investigation and discovery, to include an amended answer.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. The allegations of the Complaint fail to state facts or a claim upon which relief may be granted.

2.  Neither Plaintiffs' nor Ronald Clinton's rights were violated.

3.  Neither Plaintiffs' nor Ronald Clinton's alleged injuries occurred as a result of any unlawful or unconstitutional conduct by Captain James Matthew Presley II, Officer James Matthew Presley III, Officer Martin Gill, Chief of Police Donald Oakes, or a custom, policy, or practice of the City of West Memphis.

4.  Neither Plaintiffs' nor Ronald Clinton's alleged injuries occurred as a result of any failure to train or supervise the law enforcement officers for the City of West Memphis.

5.  Defendants are entitled to tort, qualified, statutory, good faith, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including but not limited to Ark. Code Ann. § 21-9-301.

6.  Defendants assert the defenses of privilege and justification.

7.  To the extent applicable, Defendants assert the affirmative defenses of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel, consent, *Heck v. Humphrey* and *Rooker-Feldman* and any and all defenses found in Federal Rule of Civil Procedure 8(c) or 12(b) and their Arkansas corollaries.

8.  Defendants assert that to the extent Plaintiffs or Ronald Clinton sustained any damages, the damages were a direct and proximate result of Ronald Clinton's own conduct.

9.  Defendants assert that Plaintiffs have plead a factually insufficient case to warrant the imposition of punitive damages.

10. Punitive damages are not recoverable against a municipality as a matter of law.

11. Defendants reserve the right to amend or supplement their affirmative defenses as defenses become apparent or available during the course of litigation.

WHEREFORE, Defendants request that this Court dismiss the Complaint against them and for all other just and proper relief to which there is entitlement.

        Respectfully submitted,

**CITY OF WEST MEMPHIS, ARKANSAS**;
**DONALD OAKES**, in his official capacity;
**JAMES MATTHEW PRESLEY, II**, in his individual and official capacity;
**JAMES MATTHEW PRESLEY, III**, in his individual and official capacity; and
**MARTIN GILL**, in his individual and official capacity;
**DEFENDANTS**

By:    Amanda LaFever, Ark. Bar No. 2012133
        Attorney for City Defendants
        Post Office Box 38
        North Little Rock, AR  72115
        Telephone:  (501) 978-6117
        Facsimile:  (501) 978-6554
        Email: alafever@arml.org